**FILED**
**May 12, 2023**
**09:14 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **GISELE LEWIS** | ) | **Docket No. 2020-08-0348** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **LAKESIDE BEHAVIORAL HEALTH SYSTEMS,** | ) | **State File No. 45947-2019** |
| **Employer,** | ) | |
| **And** | ) | |
| **NEW HAMPSHIRE INS. CO.,** | ) | **Judge Shaterra R. Marion** |
| **Carrier.** | ) | |
| | ) | |

## EXPEDITED HEARING ORDER GRANTING BENEFITS AND DENYING PENALTIES

---

The Court held an Expedited Hearing on May 1, 2023, to determine whether Ms. Lewis is entitled to medical and temporary total disability benefits for her left upper extremity and shoulder.[1] Ms. Lewis also seeks penalties and an award of attorney's fees from Lakeside Behavioral Health Systems. The Court finds that Ms. Lewis is likely to prove at a hearing on the merits that her left upper extremity and shoulder injury is related to work, thus entitling her to benefits, but declines to award penalties or attorney's fees at this time.

### History of Claim

Ms. Lewis suffered an injury at work on June 24, 2019, when an escaping patient forcibly opened a heavy metal door into her. Ms. Lewis testified that the door "violently" hit her arm in the elbow area, causing her to stumble but not fall.

---

[1] Ms. Lewis also has possible cervical spine problems, but the parties agreed to limit the scope of this hearing to her left upper extremity and shoulder.

Ms. Lewis immediately sought authorized treatment at a clinic for left elbow pain that radiated to her hand. She returned three days later complaining of left elbow and shoulder pain that radiated to her hand. The clinic referred Ms. Lewis to an orthopedist.

Ms. Lewis selected Dr. John Lochemes, a board-certified orthopedic surgeon with over thirty-five years of experience, from an orthopedic panel. Ms. Lewis complained of pain in her left shoulder, elbow, and hand, but Lakeside only authorized Dr. Lochemes to treat her elbow. Ms. Lewis's symptoms continued to spread, and Dr. Lochemes suspected a thoracic nerve injury, but an EMG came back normal.

Lakeside later authorized treatment for Ms. Lewis's shoulder and authorized a neurological examination. After the exam failed to find anything objectively wrong, Ms. Lewis went back to Dr. Lochemes. He ordered an MRI that revealed a partial thickness rotator cuff tear. Dr. Lochemes performed surgery and took Ms. Lewis off work. He testified that Ms. Lewis has not been released to work and is not at maximum medical improvement.

Dr. Lochemes concluded that the primary cause of Ms. Lewis's left upper extremity and shoulder condition was the June 24, 2019 work injury. His causation opinion was based on the mechanism of injury, the lack of preexisting medical treatment or complaints, and the early onset of symptoms relative to the injury date.

After the surgery, Lakeside hired Dr. Claiborne Christian, who is also a board-certified orthopedic surgeon with over thirty-five years of experience, to perform an employer's exam. He testified that in his opinion, the work injury resulted in only a relatively minor contusion to Ms. Lewis's elbow. He said that the significant rotator cuff tear was probably age- or diabetes-related because the mechanism of injury would not likely cause a shoulder injury. Dr. Christian acknowledged that regardless of the cause, Ms. Lewis reported her shoulder complaints essentially contemporaneous to the June 24th event.

Both Dr. Christian and Dr. Lochemes testified that they found Ms. Lewis to be credible.

Michelle Cervantes, Lakeside's corporate representative, testified that Lakeside terminated Ms. Lewis's benefits on July 6, 2022, after receiving Dr. Christian's report.[2]

---

[2] Lakeside objected to Ms. Cervantes's deposition transcript being admitted into evidence, as it was only filed seven business days before the hearing. However, Ms. Lewis included Ms. Cervantes on her witness list filed almost a month before the hearing. Thus the deposition and attached exhibits are admitted into evidence.

**Findings of Fact and Conclusions of Law**
*Causation*

Ms. Lewis must prove she is likely to prevail at a hearing on the merits that her left upper extremity and shoulder injury arose primarily out of and in the course and scope of her employment. Tenn. Code Ann. § 50-6-239(d)(1) (2022). To meet this burden, she must show, to a reasonable degree of medical certainty, that a patient opening a metal door into her left arm contributed more than fifty percent in causing her upper extremity and shoulder injuries, considering all causes. *Id.* at -102(12)(C). The Court finds that she has done so.

As a panel physician, Dr. Lochemes's opinion that the work injury primarily caused Ms. Lewis's left shoulder and elbow complaints is presumed correct subject to rebuttal by a preponderance of the evidence. *Id.* at -102(14)(E). The Court holds that Lakeside did not rebut Dr. Lochemes's opinion.

Lakeside argued that Ms. Lewis's failure to report her left shoulder pain at the initial visit bolsters its position against causation. However, this argument is not supported by either Dr. Lochemes's or Dr. Christian's testimony. The records show that the latest Ms. Lewis reported shoulder pain was three days after her injury. Dr. Lochemes believed that this was essentially no delay and her complaints were consistent with her injury. Dr. Christian agreed that three days was basically contemporaneous with the day of injury and Ms. Lewis seemed genuine with her shoulder complaints.

However, Dr. Lochemes and Dr. Christian disagreed on causation based on the mechanism of injury. Dr. Lochemes believed that the collision caused Ms. Lewis's upper extremity injury and rotator cuff tear, since the ball and socket joint in the shoulder is the "next link up the chain" from the elbow joint. Dr. Christian, on the other hand, believed the trauma from the door incident was insufficient to cause her injuries.

In evaluating conflicting expert testimony, a trial court may consider, among other things, "the qualifications of the experts, the circumstances of their examination, the information available to them, and the evaluation of the importance of that information through other experts." *Bass v. Home Depot, USA, Inc.*, 2017 TN Wrk. Comp. App. Bd. Lexis 36, at *9 (May 26, 2017). The physician having greater contact with an injured worker would reasonably "have the advantage and opportunity to provide a more in-depth opinion, if not a more accurate one." *Id.* at *14.

Both physicians are equally qualified, so this factor favors neither. As to the circumstances of their examination, Dr. Lochemes saw Ms. Lewis multiple times for ongoing treatment, while Dr. Christian saw her once. This factor favors Dr. Lochemes. Both physicians had the same information available to them, so this factor favors neither. Additionally, both doctors agreed that the other's opinion is reasonable; they just disagree as to whether the mechanism of Ms. Lewis's work accident could cause her injuries.

This reasonable disagreement is not enough to overcome Dr. Lochemes's presumption as an authorized treating physician, particularly given that he treated her for several months and eventually performed the surgery. *See Smith v. TrustPoint Hosp., LLC,* 2021 TN Wrk. Comp. App. Bd. LEXIS 1, at *21 (Jan. 6, 2021) (trial court properly accepted the authorized treating physician's causation opinion over another expert's, where the authorized physician had the benefit of seeing the employee's condition during surgery). Therefore, the Court finds that Ms. Lewis is likely to prevail at a hearing on the merits in showing her left upper extremity and shoulder injury was caused by her workplace accident.

Lakeside shall authorize Dr. Lochemes to provide reasonable and necessary medical treatment for Ms. Lewis's left shoulder and upper extremity injury caused by the June 24, 2019 accident. Ms. Lewis is not at maximum medical improvement; therefore temporary disability benefits shall be reinstated from July 7, 2022.

*Penalties*

A penalty may be assessed when "an employer … fails to pay, or untimely pays, temporary disability benefits within twenty (20) days after the employer has knowledge of any disability that would qualify for benefits." Tenn. Code Ann. § 50-6-205(b)(3)(A). A Tennessee Supreme Court Special Workers' Compensation Panel has also stated, "[i]mposition of the penalties contained in 50-6-205 must be based on a finding that the employer acted in bad faith." *Kyle v. State Farm Fire & Cas. Co.*, No. W2013-01505-WC-R3-WC, 2014 Tenn. LEXIS 702, at *22-23 (Tenn. Workers' Comp. Panel Oct. 2, 2014).

Ms. Lewis argued that penalties were appropriate in this case because Lakeside has not paid temporary disability benefits since July 2022. She argued that Lakeside's denial was bad faith because it was based on an employer's exam conducted immediately after surgery, thus denying her post-operative care that has delayed her recovery. Lakeside argued that it only sought the employer's exam after surgery because Ms. Lewis's symptoms appeared to be worsening. It only denied temporary disability payments after receiving Dr. Christian's opinion against causation.

The Court finds that Lakeside's conduct does not amount to bad faith and holds that 205(b)(3)(A) penalties are inappropriate.

*Attorney's Fees*

The Court may award attorney's fees where the employer "[w]rongfully denies a claim." Tenn. Code Ann. § 50-6-226(d)(1)(B). The awarding of attorney's fees at an interlocutory state "should only be made in extremely limited circumstances" due to the incompleteness of proof at this stage, the standard of proof at expedited hearings, and the

uncertainties inherent in the litigation. *Thompson v. Comcast Corp.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *28-29.

Here, the Court finds that this case does not present one of the "extremely limited circumstances" contemplated in *Thompson* and thus declines to award Ms. Lewis attorney's fees at this time. She may renew the request at the compensation hearing.

**IT IS THEREFORE ORDERED** as follows:

1. Ms. Lewis's request for reasonable and necessary treatment with Dr. Lochemes for her work-related injury to her left upper extremity and shoulder is granted.

2. Ms. Lewis's temporary total disability benefits are reinstated at the rate of $621.10 from July 7, 2022, to the present. Her attorney is entitled to fees of twenty percent from this award.

3. Ms. Lewis's request for penalties and additional attorney's fees is denied.

4. The Court sets **a status conference on July 10, 2023, at 10:30 a.m. Central Time.** The parties must call (866) 943-0014 to participate. Failure to call might result in a determination of the issues without the party's participation.

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

**ENTERED May 12, 2023.**

_____
**Judge Shaterra R. Marion**
**Court of Workers' Compensation Claims**

# APPENDIX

Exhibits:
1. Indexed Medical Records
2. Dr. John Lochemes Deposition with Exhibit
3. Dr. Claiborne Christian Deposition with Exhibits [duplicates removed]
4. Ms. Michelle Cervantes Deposition with Exhibits [duplicates removed]
5. Non-Indexed St. Francis Medical Record

Technical Record:
1. Petition for Benefit Determination, filed March 16, 2022
2. Dispute Certification Notice with Additional Issues
3. Hearing Request and Affidavit, filed April 6, 2023
4. Status Hearing Order Setting Expedited Hearing, filed March 15, 2023
5. Order Denying Motion for Extension and Limiting Expedited Hearing Issues, filed April 24, 2023
6. Employee's List of Potential Witnesses for Expedited Hearing
7. Employer's Prehearing Statement

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on May 12, 2023.

| Name | Certified Mail | U.S. Mail | Via Email | Service sent to: |
|---|---|---|---|---|
| Jonathan May, Employee's Attorney | | | X | jmay@forthepeople.com |
| Adam Brock-Dagnan, Employer's Attorney | | | X | acbrock-dagnan@mijs.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*